**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KC RENTAL, LLC, and | ) | |
| LUIS CORREA, | ) | |
| | ) | No.: |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| WMK AUTOMOTIVE, INC., d/b/a | ) | |
| MCGRATH KIA OF HIGHLAND PARK, | ) | |
| ABDULLAH BALOCH, GEORGE RES, | ) | |
| CLIFF KRAUSE,  OFFICER D. GRAFF, | ) | |
| Star # 142, and the CITY OF | ) | |
| HIGHLAND PARK, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, KC RENTAL, LLC and LUIS CORREA, by counsel, the Moor Law Office, P.C., states for their Complaint at Law against WMK AUTOMOTIVE, INC., d/b/a MCGRATH KIA OF HIGHLAND PARK ("McGrath Kia"), ABDULLAH BALOCH, GEORGE RES,  CLIFF KRAUSE,  OFFICER GRAFF, Star # 142, and the CITY OF HIGHLAND PARK as follows:

## NATURE OF THE CASE

1.      On April 7, 2023, Luis Correa, employed by KC Rental, traveled from Florida to McGrath Kia of Highland Park and attempted to pick up a car that KC Rental had caused its finance company to pay for in advance.  Though assured by General Manager John Res that the demands from a finance manager at McGrath Kia that the car be financed through the dealer were incorrect, and though assured by McGrath Kia Sales Manager George Res that outside financing was fine, when Correa arrived at the

dealership on April 4, 2023, multiple employees told Correa that he could only finance through McGrath Kia even though they had confirmed that the check for the car had cleared. When Correa refused to finance the car through the dealer, the police were called. McGrath Kia employees told the police that Correa was trying to "pass a bad check" and falsely told the police that the issuing bank had stated that the check was not valid. Correa told the officer that McGrath Kia employees had just called McGrath's own bank which had confirmed that the check had already cleared. Nonetheless, Correa was cuffed and taken to the police station and held for hours. He was released when the police contacted the issuer of the check, who in turn contacted the issuing bank, who reported that the check was good.

2.      Through this action the Plaintiff KC Rental seeks compensation for McGrath Kia's violation of the Illinois Consumer Fraud Act, and for the tortious interference McGrath Kia and its employees committed relative to its known contract interest in purchasing a car and its business of renting new cars. Plaintiff Correa seeks compensation for his false arrest.

## PARTIES AND BASIS OF JURISDICTION

3.      KC Rental, LLC is a Delaware Limited Liability Company whose sole member, Kaitlyn Correa, is domiciled in the State of Florida and is a citizen of the State of Florida. It is a car rental company operated by Plaintiff Luis Correa.

4.      Luis Correra is domiciled in the State of Florida and is a citizen of the State of Florida.

5.      WMK Automotive, Inc., d/b/a McGrath Kia of Highland Park ("McGrath Kia") is an Illinois corporation with its principal place of business in the State of Illinois.

6.     Abdullah Baloch, employed at all relevant times by McGrath Kia, is domiciled in the State of Illinois and is a citizen of the State of Illinois.

7.     George Res, employed at all relevant times by McGrath Kia, is domiciled in the State of Illinois and is a citizen of the State of Illinois.

8.     Cliff Krause, employed at all relevant times by McGrath Kia, is domiciled in the State of Illinois and is a citizen of the State of Illinois.

9.     Officer Graff, employed by the Police Department of Highland Park, Illinois, is domiciled in the State of Illinois and is a citizen of the State of Illinois.

10.     The City of Highland Park, is, and was on April 7, 2023, a local municipal corporation organized under the laws of the State of Illinois and is sued as an indemnity defendant under 745 ILCS 10/9-102.

11.     Plaintiff KC Rental, LLC's claim arises under 28 U.S.C. § 1332, in that Plaintiff KC Rental, LLC is a Delaware Limited Liability Company whose sole member, Kaitlyn Correa, the wife of Luis Correra, is domiciled in Florida. Each of the Defendants that KC Rental, LLC is suing in diversity reside in and are citizens of the State of Illinois and the amount in controversy exceeds $75,000.

12.     Plaintiff Correa's claim for false arrest arises under the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has jurisdiction over that action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(3).

## **VENUE**

13.     Venue is proper in this District under 28 US.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and all Defendants reside in this District.

## FACTS

14.     Plaintiff Luis Correa runs a company called KC Rental LLC which purchases new cars, rents them to customers, and then sells them after a few years.

15.     In March 2023 Correa saw an advertisement for a new blue Kia Forte GT being sold by McGrath on Cars.com and he inquired about it.

16.     On or about March 21, 2023, Abdullah Baloch of McGrath Kia began corresponding with or calling Correa about the sale of the Kia.

17.     Abdullah Baloch, in the course of discussing the purchase of the Kia with Correa, told Correa that he had to finance the purchase through McGrath Kia. Correa explained to Baloch that KC Rental had its own finance company that it regularly used to purchase vehicles with, vehicles which KC Rental would then lease.

18.     Thereafter the Finance Department of McGrath Kia also told Correa that he could not purchase the Kia with outside financing that in order to buy the car he needed to fill out a credit application with the dealership and finance the purchase through one of McGrath Kia's lenders. Again, Correa explained to a person named Greg in the finance department that KC Rental had a relationship with a finance company and that it financed the purchase of its vehicles that it would lease through that company.

19.     After Correa was told several times that he could only purchase the Kia if he financed it through McGrath Kia he called, on or about March 28, 2023, John Res, a General Manager of several McGrath locations. Correa explained that he was being told by McGrath Kia that if he was going to finance the purchase of the Kia that he could only finance it through McGrath Kia. John Res stated that he understood the problem and that he would contact the McGrath Kia Sales Manager, a George Res, and make sure that the

deal could be finalized with KC Rental using its own finance company. John Res told Correa that he would not need to fill out a credit application with McGrath Kia if he had his own funding.

20.    A few days later George Res of McGrath Kia contacted Correa and told him that the deal was fine, that he would not need to fill out a credit application with McGrath Kia, and that the sale paperwork would be sent to a notary in Florida for Correa to sign.

21.    On April 1, 2023, Correa, on behalf of KC Rental, LLC signed paperwork related to the purchase at a notary's office in Florida which was sent to McGrath Kia.

22.    The agreed purchase price was $28,371.60.

23.    Correa arranged with Abdullah Baloch to arrive in Chicago on April 7, 2023.

24.    On April 5, 2023, KC Rental's finance company, AFC Rental Division ("AFC"), sent by Federal Express overnight delivery a check for $28,371.60 to McGrath Kia. The check was drawn on an account AFC had at Wells Fargo. The check was delivered to McGrath Kia at 10:47 a.m. on April 6, 2023.

25.    On April 7, 2023 Baloch picked Correa up from O'Hare in his own vehicle and drove him to McGrath.

26.    Once inside the dealership Correa was told by Abdullah Baloch, Cliff Krause of the finance department and a Mr. Costa who said he was a finance manager that he had to fill out a credit application and finance the purchase through McGrath Kia.

27.    When Correa refused and explained that KC Rental did not want to finance through the dealership, Correa told Baloch, Krause and Costa that General

Manager John Res and Sales Manager George Res had told him that outside financing was fine, and told them that the check had already been received by the dealership from KC Rental's finance company.

28.     Correa then heard Abdullah Baloch tell a McGrath employee that the check for the purchase of the Kia had already been deposited and that McGrath Kia's bank, the Bank of America, had reported that the check had already cleared.

29.     Unknown to Plaintiff Correa at the time, Abdullah Baloch then called the Highland Park Police Department while Correa was waiting in the dealership to receive the car and told them that Correa was in their dealership trying to pay for a new Kia with a bad check that the issuing bank stated was invalid.

30.     Officer Graff from the Highland Park police department soon arrived and approached Correa and told him not to move and that he was accused of passing a bad check to purchase a car.

31.     Stunned, Correa explained to Graff that the dealership had already confirmed with their bank, the Bank of America, that the check had cleared.

32.     In front of Graff, Correa then called AFC, who confirmed that the check was good to Correa. Correa then passed the phone to Officer Graff who was also told by AFC that the check was valid.

33.     Graff then went to speak to Baloch, Krause and other McGrath Kia employees and then returned and arrested Correa, placed him in handcuffs, placed Correa in a squad car and transported him to the Highland Park Police station.

34.     Later, at the station, Officer Graff again contacted AFC, which then contacted its bank, Wells Fargo.  Wells Fargo told AFC that the check was valid, and

AFC again told Graff for at least the second time that Wells Fargo said the check was valid.

35.     Correa was released from the Highland Park Police Station that afternoon without being charged.

36.     After returning to Florida without the Kia, Correa began trying to get his money back from McGrath Kia in the afternoon.

37.     KC Rental lost the Kia it has paid for and was not able to rent it out.  The money paid for the Kia was not returned by McGrath until June 20, 2023, which also resulted in KC Rental's $400,000 line of credit with AFC to be frozen through July 3, 2023, causing substantial pecuniary loss to KC Rental, LLC.

## COUNT I – CONSUMER FRAUD
### (KC Rental v. McGrath Kia, Abdula Baloch, George Res and Cliff Krause)

38.     Plaintiff KC Rental adopts paragraph 1-37 above as paragraph 38 of Count I as if fully set forth herein.

39.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") prohibits both "unfair" and "deceptive" acts and practices (815 ILCS 505/2):

> "[U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

40.     Plaintiff KC Rental, LLC was a consumer, and the deception and unfairness alleged herein occurred in the course of Defendants conducting trade or commerce within the meaning of 815 ILCS 505/1(f).

41. The CFA provides that "any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 805 ILCS 505/10a. "'Person' includes any natural person or his legal representative, partnership, corporation (domestic or foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, [or] trustee…thereof." 805 ILCS 505/1(c).

42. At all relevant times the Defendants had a duty to comply with the requirements of the Illinois Consumer Fraud and Deceptive Business Practices Act.

43. In violation of the Act, Defendants McGrath Kia and George Res falsely stated that they would accept outside financing in order to induce Correa to travel to Illinois to pick up the car but when he arrived Defendants refused his outside financing, even though the check from AFC had been received and deposited by McGrath Kia.

44. McGrath Kia and George Res intended Plaintiff to rely on the false statement that they would accept outside financing.

45. In violation of the Act, Defendants McGrath Kia, Abdullah Baloch and Cliff Krause falsely told Plaintiff when he was present to pick up his car that McGrath Kia would not accept outside financing even though they also knew that McGrath Kia had accepted outside financing when McGrath Kia received the check from AFC and deposited it.

46. McGrath Kia Baloch and Krause intended the Plaintiff to rely on their false statements that they would not accept outside financing.

47. In violation of the Act, Defendant Baloch told the police that Correa was trying to pass a bad check at McGrath Kia when he knew but concealed that the check had been deposited and had cleared.

48. As a proximate result of the Defendants' violation of the Act, Plaintiff was deprived of its purchase, lost the ability to lease the Kia Forte GT, and lost the use of the funds that had been tendered and accepted by McGrath Kia for 89 days.

49. The acts of the Defendants were outrageous and reckless in that they resulted in both an unjust economic loss to KC Rental and in the false arrest of its employee Correa.

WHEREFORE, Plaintiff KC RENTAL, LLC, by counsel, demands judgment against Defendants McGRATH KIA, ABDULA BALOCH, GEORGE RES and CLIFF KRAUSE in an amount in excess of SEVENTY-FIVE THOUSAND Dollars ($75,000.00), prays for punitive damages, attorney's fees and prays for the costs of this suit.

Plaintiff demands trial by jury.

## COUNT II – TORTIOUS INTERFERENCE
### (KC Rental v. McGrath Kia, Abdula Baloch, George Res and Cliff Krause)

50. Plaintiff KC Rental adopts paragraph 1-37 above as paragraph 50 of Count II as if fully set forth herein.

51. KC Rental is and was in the business of renting cars.

52. Defendants knew that KC Rental was in the business of renting cars, and knew that it was purchasing the blue Kia Forte GT for the purpose of renting it out to customers.

53. Defendants wrongfully and intentionally interfered with KC Rental's business when it refused to sell the Kia Forte GT to Plaintiff and when it kept the purchase price Plaintiff had tendered for 89 days.

54. As a proximate result of the Defendants' tortious interference with Plaintiff's known business expectancy, Plaintiff was deprived of its purchase, lost the ability to lease the Kia Forte GT, had its ability to secure financing impaired for 89 days, and lost the use of the funds that had been tendered and accepted by McGrath Kia for 89 days.

WHEREFORE, Plaintiff KC RENTAL, LLC, by counsel, demands judgment against Defendants McGRATH KIA, ABDULA BALOCH, GEORGE RES and CLIFF KRAUSE, in an amount in excess of SEVENTY-FIVE THOUSAND Dollars ($75,000.00), prays for punitive damages, attorney's fees and prays for the costs of this suit.

Plaintiff demands trial by jury.

## COUNT III – § 1983 FALSE ARREST
### (Correa v. Graff)

55. Plaintiff Correa adopts paragraph 1-37 above as paragraph 55 of Count III as if fully set forth herein.

56. Plaintiff was improperly stopped, seized, arrested and detained on April 7, 2023, by Officer D. Graff.

57. Plaintiff was falsely arrested and unlawfully detained without justification and without probable cause by Officer D. Graff.

58. The actions of Defendant Officer D. Graff in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless

indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

59.     As a proximate result of the false arrest and unlawful detention inflicted by Defendant Officer D. Graff Plaintiff sustained injuries and losses, including lost income, emotional distress and pain and suffering.

WHEREFORE, Plaintiff LUIS CORREA, respectfully prays that this Court enter judgment against Defendant OFFICER D. GRAFF, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT IV – 745 ILCS 10/9-102 – Indemnity
### (Correa v. City of Highland Park)

60.     Plaintiff adopts and re-alleges paragraphs 1 through 37 and 55 through 59, above, as paragraph 60 of Count IV, as if fully set forth herein.

61.     As a local public entity that employed the Defendant Graff the City of Highland Park is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendant Officer Graff for conduct committed within the scope of his employment activities, and may pay associated attorney's fees and costs.

62.     This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

63.     As a proximate result of Defendant Graff's conduct in the course of his employment with the City of Highland Park, Plaintiff sustained injuries, including physical and psychological pain and suffering.

11

WHEREFORE, Plaintiff LUIS CORREA, respectfully prays that if a judgment is entered against Defendant GRAFF, that this Court find the CITY OF HIGHLAND PARK, ILLINOIS liable for any compensatory damages awarded to Plaintiff, and also prays for an award of attorney's fees and costs.  Plaintiff further requests any other relief that this Court deems just.

MOOR LAW OFFICE, P.C.


/s/      Edward R. Moor


Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net