14-084883

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KC RENTAL, LLC and LUIS CORREA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 24-cv-741 |
| | ) | |
| v. | ) | The Honorable Jorge L. Alonso |
| | ) | |
| WMK AUTOMOTIVE, INC. d/b/a | ) | Magistrate Judge |
| McGRATH KIA OF HIGHLAND PARK, | ) | Jeannice Williams Appenteng |
| ABDULLAH BALOCH, GEORGE RES, | ) | |
| CLIFF KRAUSE, OFFICER D. GRAFF, Star | ) | |
| #142, and the CITY OF HIGHLAND PARK, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT WMK AUTOMOTIVE, INC.'S MOTION FOR
ENTRY OF FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 54(b)**

Now Come former Defendants ABDULLAH BALOCH, GEORGE RES, CLIFF KRAUSE, and WMK AUTOMOTIVE, INC. (collectively "McGrath"), and pursuant to Fed.R.Civ.P. 54(b), McGrath hereby move for entry of final judgment on this Court's September 18, 2024 Order that dismissed all claims brought against them in this action. In support of this motion, McGrath states as follows.

1. Plaintiffs KC RENTAL, LLC and LUIS CORREA ("Plaintiffs") filed this action against McGrath alleging that (a) McGrath violated the Illinois Consumer Fraud Act (Count I) and (b) McGrath tortiously interfered with Plaintiffs' business expectancy (Count II). (Dkt. 1).

2. On September 18, 2024, this Court dismissed Plaintiffs' claims against McGrath. (Dkt. 32). This Court, however, denied Defendants OFFICER D. GRAFF and the CITY OF HIGHLAND PARK's (collectively "Highland Park") Motion to Dismiss (Dkt. 32), and the Plaintiffs' case is proceeding against Highland Park.

1

3. Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed.R.Civ.P. 54(b).

4. Rule 54(b) was enacted to counterbalance the occasional harshness resulting from the liberalization of joinder rules with "the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had." *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 947 (7th Cir. 1980). Whether to grant a motion under Rule 54(b) is "left to the sound judicial discretion of the district court." *Shintom America, Inc. v. Car Telephones, Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995).

3. A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a "final judgment," and (2) that there is no just reason to delay the appeal of the claim that was "finally decided." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8, (1980). Both requirements are met in the instant case, and the Court should enter final judgment of its September 18, 2024 Order that dismissed McGrath from this case.

6. The Supreme Court has described the first step in the Rule 54(b) analysis as follows:

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition" of an individual claim entered in the course of a multiple claims action. *Curtiss-Wright Corp.*, 446 U.S. at 7.

7. It is well-settled that this Court's dismissal of all claims against McGrath in this case constitutes an adjudication on the merits. *See*, Fed.R.Civ.P. 41(b); *see also, United States v.*

*Ettrick Wood Products, Inc.*, 916 F2d 1211, 1217 (7th Cir. 1990) (dismissal with prejudice is a final judgment).

8. The second step in the analysis, which requires the determination that there is no just reason to delay the appeal of individual final judgments, "take[s] into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8; *William Wrigley Jr. Co. v. Cadbury Adams USA Ltd. liability Co.*, 2010 U.S. Dist. LEXIS 110355, * 13 (N.D. Ill.). In doing so, a district court considers "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id.*

9. At its most basic level, determining whether a judgment is appealable under Rule 54(b) "involves comparing the issues at stake in the appealed claims and those remaining in the district court." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). Here, this Court's dismissal order of September 18, 2024 disposed of all of the plaintiffs' claims against McGrath. (Doc. 182). McGrath should not be forced to wait until the remainder of this case is litigated to know whether it will have to continue to defend the plaintiffs' allegations against it. Indeed, in *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986), the Seventh Circuit affirmed the use of Rule 54(b) to certify an immediate appeal even though claims remained against another party, and in doing so, the Seventh Circuit pointed out:

> The judge's order...disposes, with finality in the district court, of the company's claim against McNeil....He is out of the case.... He doesn't have to wait till the end of what may be protracted proceedings in the district court to find out for sure whether he is, as the district court found, not violating any rights of the plaintiff. *Id*.

10. Further, Rule 54(b) "allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having

3

minimal factual overlap." *Trujillo v. Rockledge Furniture LLC*, 2018 U.S. Dist. LEXIS 234171, *4 (N.D. Ill.). Even if two claims arise from the same event or occurrence, they may be separable for Rule 54(b) purposes if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery. *Marseilles Hydro Power, LLC*, 518 F.3d at 464.

11. This Court dismissed the only two claims Plaintiffs filed against McGrath. Those two dismissed claims do not have any legal or factual overlap with the Plaintiffs' pending claims against Highland Park.

12. There is no just reason for delaying an appeal of the dismissal of McGrath from this case. The claims against McGrath and this Court's grounds for dismissal are sufficiently unique that they would not require a court of appeals to address them now and revisit them after the entire case is resolved. *See, Cooper Power Sys. v. Union Carbide*, 123 F.3d 675, 678, n. 1 (7th Cir. 1997). In fact, the disposition of the remaining claims against Highland Park simply has nothing to do with McGrath, i.e., a private entity.

13. Before filing this Motion, McGrath's attorney did speak to the Plaintiffs' attorney. During that discussion, the Plaintiffs' attorney understood that McGrath would be filing and indicated that his clients would likely not object to this Motion. The Plaintiffs' attorney could not, however, agree to a joint Motion seeking a Fed.R.Civ.P. 54(b) final judgment.

WHEREFORE, Defendants ABDULLAH BALOCH, GEORGE RES, CLIFF KRAUSE, and WMK AUTOMOTIVE, INC. respectfully request entry of final judgment on its September 18, 2024 Order that dismissed all claims in Plaintiffs' Amended Complaint against them and a finding that there is no just reason for delay of any appeal of the Court's dismissal order as to

Defendants ABDULLAH BALOCH, GEORGE RES, CLIFF KRAUSE, and WMK AUTOMOTIVE, INC.

                                                      Respectfully submitted,

                                                      PRETZEL & STOUFFER, CHARTERED

                                                      By:    /s/ Matthew F. Tibble
                                                              Matthew F. Tibble

Matthew F. Tibble (ARDC 6282175)
Kelly J. Franklin (ARDC 6342080)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 578-7445
mtibble@pretzel-stouffer.com
kfranklin@pretzel-stouffer.com
*(Counsel for WMK Automotive, Inc. d/b/a McGrath Kia of Highland Park)*